UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUG GROSS,                        :
                                   :    NO. 1:10-CV-00738
        Plaintiff,                 :
                                   :
    v.                             :    **OPINION & ORDER**
                                   :
NATIONWIDE CREDIT, INC.,           :
                                   :
        Defendant.                 :

        This matter is before the Court on Defendant's Motion to
Dismiss (doc. 4), Plaintiff's opposition thereto (doc. 8) and
Defendant's reply in support thereof (doc. 9).  For the following
reasons, the Court DENIES Defendant's motion (doc. 4).

**I.  Background**

        This is an action brought under the Fair Debt Collection
Practices Act (the "Act") where Plaintiff alleges that Defendant
violated the Act by placing collection calls to Plaintiff multiple
times a day over the course of nearly two months (doc. 1).
Plaintiff alleges that when he "calls Defendant to determine the
nature of the debt he is put on hold and not able to speak with a
live person" (Id.).  He claims violations of both 15 U.S.C. § 1692d
and § 1692d(5) (Id.).

        Defendant has moved to dismiss the complaint on the basis
that it fails to state a claim and, in the alternative, moves the
Court to strike the factual allegation regarding Plaintiff being
put on hold as being irrelevant and impertinent (doc. 4).
Specifically, Defendant argues that being put on hold, even if

true, does not amount to an actionable violation of the Act because the Act is "not intended to shield even the least sophisticated consumer 'from the inconvenience and embarrassment that are natural consequences of debt collection'" (<u>Id</u>.).  Defendant asserts that Plaintiff has failed to meet the "heightened pleading requirements" set out in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and, as a result, his claim should be dismissed (doc. 9).

In response, Plaintiff contends that whether being put on hold constitutes a violation of the Act is a fact question that should be determined by the jury in this case (doc. 8).  He further asserts that he has pled facts in the complaint sufficient to put Defendant on notice of the claim and the grounds on which it rests and that the claim is plausible (<u>Id</u>.).

## II.  The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976); <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of

2

the party opposing the motion.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Courie v. Alcoa Wheel & Forged Products</u>, 577 F.3d 625, 629-30 (6th Cir. 2009), <u>quoting</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible.  <u>Courie</u>, 577 F.3d at 629-30, citing Robert G. Bone, <u>*Twombly*, Pleading Rules, and the Regulation of Court Access</u>, 94 IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  <u>Iqbal</u>, 129 S.Ct. at 1949.  Plausibility falls somewhere between probability and possibility.  <u>Id</u>., citing <u>Twombly</u>, 550 U.S. at 557.  As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a

3

plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

## III. Discussion

A word about the applicable standard: both sides have missed the mark here. On the one hand, Plaintiff, while citing to Iqbal and Twombly, actually appears to rely on cases that, in turn, relied on Conley v. Gibson's "no set of facts" language, which was expressly abrogated by Twombly. See Twombly, 550 U.S. at 562-63.

4

Indeed, in his response Plaintiff cites a case from 1987 for the standard that a motion to dismiss should be granted only if "no relief could be granted under any set of facts" (doc. 8, citing <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987)). This is simply no longer the proper standard, and Plaintiff would be well-advised to stop citing it to the courts.

On the other hand, Defendant has overstated the standard set forth in <u>Iqbal</u> and <u>Twombly</u>. Indeed, Defendant's contention that the cases created a "heightened pleading requirement" is belied by language in <u>Twombly</u> itself, where the court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

A complaint must provide sufficient notice to the defendant of the nature of the plaintiff's claims. <u>See</u>, <u>e.g.</u>, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007), citing <u>Twombly</u> 550 U.S. at 555 (plaintiff's statement must "give the defendant fair notice of what the...claim is and the grounds upon which it rests."). The federal rules still provide for notice pleading, not fact pleading, and <u>Iqbal</u> and <u>Twombly</u> did not rewrite the rules. What <u>Iqbal</u> and <u>Twombly</u> do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action. Where <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), allowed for a wider no-set-of-facts possibility standard, <u>Iqbal</u> and <u>Twombly</u> slightly narrowed

5

the field to complaints that set forth plausible, not merely possible, claims. This is a difference in degree not kind, and Plaintiff's complaint satisfies the standard.

Plaintiff has alleged that when he "calls Defendant to determine the nature of the debt he is put on hold and not able to speak with a live person." Defendant is correct that the complaint does not allege how many times Plaintiff called or how long he was put on hold, but at this stage in the litigation such factual specificity is not required. The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal 129 S.Ct. at 1949, citing Twombly 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly 550 U.S. at 555. Here, Plaintiff's allegation that when he calls Defendant he is put on hold and unable to speak with a live person is more than a "defendant-unlawfully-harmed-me accusation." It is a factual allegation from which the Court, at this stage, may plausibly infer that a violation of the Act has occurred.

Defendant's argument that being put on hold is a mere inconvenience is an argument better made at summary judgment or trial as greater factual detail will be critical to that determination. Certainly, creating obstacles for the consumer, such as routinely putting consumers on hold for long periods of

6

time and denying them the opportunity to determine the underlying cause of the phone calls demanding payment, is a tactic debt collectors have used in the past, and it is just that type of conduct that the Act was meant to deter. <u>See</u> 15 U.S.C. § 1692d. But determining whether the particular acts of Defendant in relation to Plaintiff constitute violations of the Act requires factual support not present-or required-at this stage in the litigation.

**IV.  Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (doc. 4).

SO ORDERED.

Dated: February 3, 2011      <u>/s/ S. Arthur Spiegel</u>
                             S. Arthur Spiegel
                             United States Senior District Judge

7